```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

BOYD ET AL.                                    CIVIL ACTION

VERSUS                                         NO: 07-6736

STATE FARM FIRE & CASUALTY INSURANCE           SECTION: "R"(2)
COMPANY ET AL.

### ORDER AND REASONS

Before the Court is defendant State Farm Fire and Casualty Company's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion.

### I.   BACKGROUND

Plaintiffs sued State Farm alleging that Hurricane Katrina caused substantial damage to their properties located in Jefferson Parish, Louisiana. They allege this damage was caused by wind, wind driven rain, storm surge, overflowing of canals, and levee breaches. They further allege that wind damage caused

a total loss to their properties.  Plaintiffs' complaint seeks damages for breach of contract, penalties pursuant to La. Rev. Stat. §§ 22:658 and 22:1220, attorney's fees, and costs.

State Farm moved to dismiss plaintiffs' complaint for failure to state a claim. (R. Doc. 6).  In response, plaintiffs filed a first amended complaint and averred that their amended complaint disposed of the motion to dismiss. (R. Doc. 9).  State Farm then filed a reply brief contending that the first amended complaint should be dismissed for failure to state a claim. Plaintiffs responded that their breach of contract and VPL claims, as amended, should not be dismissed.[1]  The Court addresses these issues as follows.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor. *See Kaiser*

---

[1] State Farm also filed a supplemental memorandum in support of defendant's Rule 12(b)(6) motion to dismiss (R. Doc. 23). Although the Court has considered the cases brought to the Court's attention, plaintiffs in the other cases had not amended their complaints.  Accordingly, those decisions were based on different complaints than the complaint defendant is moving to dismiss here.

*Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). In order to survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in plaintiffs' complaint] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1965, 1974 (2007).

**III. DISCUSSION**

The Court finds that with respect to their claims for covered wind damages, plaintiffs have alleged a claim for breach of contract. Plaintiffs allege that there was damage to their properties caused by "wind" and "wind driven rain," both of which are covered perils. (R. Doc. 9 ¶ 5). They further allege, "Defendant made only partial payment based on wind and wind driven rain alone. This partial payment did not constitute full payment of all the damage caused by wind and Defendant still owes Plaintiffs additional policy benefits for all the damage caused by wind." (*Id.* ¶ 8). Plaintiffs have sufficiently alleged that defendant breached the contract by underpaying them for their covered losses.

Plaintiff's first amended complaint also asserts claims for

penalties pursuant to La. Rev. Stat. §§ 22:658 and 22:1220. Because plaintiffs have alleged a viable breach of contract claim, there is no basis to dismiss these claims. *See, e.g., Clausen v. Fidelity and Deposit Co. of Maryland*, 660 So. 2d 83, 85 (La. App. 1995); *Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1195 (La. App. 2002).

Plaintiffs have also pleaded a claim under Louisiana's Valued Policy Law. Plaintiffs allege they suffered a total loss from a covered peril, as required by La. Rev. Stat. § 22:695. (*See* R. Doc. 9 ¶ 7) ("the direct wind damage, by itself, caused a total loss of the property"). Plaintiffs have also alleged, however, that some of their loss was attributable to flood, a non-covered peril. (*See id.* ¶ 5) ("damage was caused by ... storm surge, overflowing of canals and breaches of levees"). The Court cannot dismiss plaintiffs' complaint unless it appears that they have not pleaded enough facts to state a claim to relief that is plausible on its face, even if plaintiffs' allegations may appear doubtful in fact. *See Twombly*, 127 S. Ct. at 1965, 1974. At the motion to dismiss stage, however, with no evidence before the Court concerning the type and extent of plaintiffs' flood damage, and where plaintiffs have alleged a total loss caused by a covered peril, it is premature to dismiss plaintiffs' VPL claims. To the extent that evidence is introduced that a covered peril

did not cause the total loss, plaintiff will not be entitled to the value of the property stated in the policy under the VPL. *See Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232 (5th Cir. 2007) (holding that Louisiana's VPL does not apply when a total loss does not result from a covered peril).

Finally, plaintiffs' claims for water damage from flood, including storm surge, overflowing of canals, and levee breaches, are precluded by the Fifth Circuit's decision in *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 214 (5th Cir. 2007) (holding that flood exclusions were unambiguous and barred coverage). Plaintiffs contend that their flood claims should not be dismissed because a recent Louisiana Court of Appeal decision found an insurer's flood exclusion ambiguous, *Sher v. Lafayette Ins. Co.*, — So. 2d. —, 2007 WL 4247708 (La. App. 2007), and because wind was the efficient proximate cause of the flood damage. Both arguments are without merit.

State Farm's insurance policy unambiguously excludes coverage for flood. *See In re Katrina Breaches Consol. Litig.*, *supra* (affirming district court's dismissal of plaintiffs' flood claims against State Farm because State Farm's policy unambiguously excluded coverage for all floods); *see also Bilbe v. Belsom*, 2007 WL 2042437, *4 (E.D. La. 2007) ("State Farm's water damage exclusion clearly and unambiguously excludes damages

5

for all flooding"). The Louisiana Fourth Circuit Court of Appeal in *Sher* construed an exclusion in Lafayette Insurance Company's policy. Plaintiffs have not cited a single case that has found State Farm's policy ambiguous. All plaintiffs have pointed to is a case where another insurer's policy was held ambiguous in contradistinction to the Fifth Circuit's holding in *In re Katrina Canal Breaches Litig.*, 495 F.3d at 221, 224 (5th Cir. 2007). Accordingly, the Court finds that plaintiff's flood claims are barred by the Fifth Circuit's holding in *In re Katrina Canal Breaches Litigation*.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss. Plaintiffs' claims for damages from flood waters are dismissed with prejudice.

New Orleans, Louisiana, this 25th day of February, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE